UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MICHAEL DAVID OFFUTT,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:21-cv-02589 (TSC) |
| **DISTRICT OF COLUMBIA,** | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Michael Offutt, proceeding *pro se*, has sued the District of Columbia for violating his Fourth Amendment and Due Process rights, and for assault, false arrest, and defamation. ECF No. 1, Compl. The District has moved to dismiss Plaintiff's lawsuit, arguing that Plaintiff failed to effectuate service of process, and that in any event, he has failed to state a valid claim for relief. ECF No. 14, Def. Mot. For the reasons explained below, the court will GRANT the District's motion and dismiss Plaintiff's lawsuit.

**I.     BACKGROUND**

On March 27, 2020, the Metropolitan Police Department (MPD) arrested Plaintiff for simple assault. Compl. at 2, 6. According to MPD's arrest report, which Plaintiff attaches to his Complaint, he and Jocelyn Johnson were "involved in a verbal dispute" when Plaintiff "escalated the scene" by telling Johnson: "Get the fuck out my car before I put my hands on you." *Id.* at 7. Johnson was carrying a child at the time and began walking away, at which point Plaintiff allegedly chased after Johnson and grabbed at her clothing. *Id.* MPD Officer Abanoub Rezkalla intervened and "conducted a straight leg strike" to "redirect [Plaintiff] from [Johnson]" and

arrested Plaintiff. *Id.* The next day, Plaintiff was released from custody with no charges. *Id*. at 8.

Plaintiff alleges that he was unlawfully arrested in violation of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment, that during his arrest, MPD officers assaulted and falsely arrested him, and that MPD's arrest report describing the incident defames him. *Id.* at 2. In support of his claims, Plaintiff asserts that the arrest report contains "misleading and incorrect or missing information." *Id.* He alleges that the report was "misleading" because it lists Plaintiff and Johnson as "Reporting Individuals," even though neither he nor Johnson reported the incident to MPD, omits hospital records showing that Plaintiff was "badly injur[ed]" during his arrest, and omits a statement from Officer Rezkalla's partner, Officer Damon Jedlicka, who allegedly stated at some point that he did not see Plaintiff assault Johnson. *Id.* at 2–3. Plaintiff requests $100,000 in damages, "removement of" his criminal record, and an apology from MPD. *Id.* at 5.

Plaintiff filed his Complaint on September 10, 2021—approximately 17 months after his arrest. *Id.* at 1. On October 14, 2021, the Office of the Attorney General for the District of Columbia ("OAG") received a copy of Plaintiff's Complaint, without attachments or a copy of the summons, via regular, first-class mail. Def. Mot. at 4. Five days later, Plaintiff attempted to personally hand deliver a copy of the summons to Alicia Dupnee, who he identified as a paralegal specialist for the District. ECF No. 9. The court struck Plaintiff's Proof of Service "for failure to comply with the Federal Rules of Civil Procedure which provide that '[a]ny person who is at least 18 years old and NOT a party may serve a summons and complaint.'" Minute Order (Oct. 29, 2021) (quoting Fed. R. Civ. P. 4(c)(2)).

On February 11, 2022, Plaintiff tried again to serve the District. Def. Mot. at 5. He emailed a copy of the summons to OAG Administrative Assistant Tonia Robinson, but did not include a copy of the Complaint, *id.* at 5, 8–9, as is required by Federal Rule of Civil Procedure 4.

On three occasions, the court reminded Plaintiff of his obligation to effectuate service and warned him that failure to effectuate service may result in the court dismissing his lawsuit. *See* ECF No. 5, Order at 1 ("Plaintiff is hereby reminded of his obligation to serve a copy of the summons and complaint in a manner that complies with Rule 4[(j)] of the Federal Rules of Civil Procedure."); ECF No. 7, Order Dismissing the United States at 2 ("Plaintiff is hereby reminded that service must be made within 90 days of the filing of his Complaint."); Min. Order (Oct. 26, 2021) ("Should Plaintiff fail to effectuate service of process in a timely manner . . . the court may dismiss the action."). To date, Plaintiff has not properly effectuated service.

The District moves to dismiss Plaintiff's lawsuit on two grounds. First, the District argues that pursuant to Federal Rule of Civil Procedure 12(b)(5), dismissal is warranted because Plaintiff has not effectuated service on the District in violation of Federal Rule of Civil Procedure 4. Def. Mot. at 6–8. Second, it argues that Plaintiff has not stated a valid claim for relief because he has not pled facts establishing municipal liability under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), and that any common tort law claims are barred by the applicable statute of limitations. *Id.* at 8–10.

## II. LEGAL STANDARD

### A. Rule 12(b)(5)

When a defendant moves to dismiss for insufficient service of process, "[t]he plaintiff bears the burden of proving that he has effected proper service." *Jouanny v. Embassy of Fr. in*

*the U.S.*, 220 F. Supp. 3d 34, 37 (D.D.C. 2016).  "[T]o do so, [they] must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 [governing summonses] and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (quoting 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1083 (4th ed.)).  "[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant." *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007).  As a result, "[f]ailure to effect proper service is . . . a 'fatal' jurisdictional defect, and is grounds for dismissal." *Jouanny*, 220 F. Supp. 3d at 38.  The court has discretion to dismiss the claim or allow the plaintiff to correct service of process. *See Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 89 (D.D.C. 2004).

   B.  **Rule 12(b)(6)**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when the factual content allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  A plaintiff's factual allegations do not need to be "detailed," but "the Federal Rules demand more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *McNair v. D.C.*, 213 F. Supp. 3d 81, 86 (D.D.C. 2016) (citing *Twombly*, 550 U.S. at 570)).

Compliance with Title VII's statute of limitations is an affirmative defense properly raised in a motion under Rule 12(b)(6). *See Greer v. Bd. of Trustees of Univ. of D.C.*, 113 F. Supp. 3d 297, 306 (D.D.C. 2015) (citing cases). "In ruling on a motion to dismiss, the Court may consider not only the facts alleged in the complaint, but also documents attached to or incorporated by reference in the complaint and documents attached to a motion to dismiss for which no party contests authenticity." *Demissie v. Starbucks Corp. Off. & Headquarters*, 19 F. Supp. 3d 321, 324 (D.D.C. 2014). The court holds documents prepared by a pro se plaintiff to "less stringent standards" than legal documents drafted by an attorney. *See Gage v. Somerset Cnty.*, 369 F. Supp. 3d 252, 258 (D.D.C. 2019) (citation omitted).

### III.    ANALYSIS

#### A. Service of Process

The District first argues that Plaintiff's lawsuit should be dismissed because Plaintiff failed to properly effectuate service. Plaintiff responds that he was "unable to receive any physical mail at his address from the date of September 2021," and therefore did not receive district court's warnings. ECF No. 16, Pl. Opp'n at 3. Plaintiff also contends that he "wasn't able to proceed with [service] . . . due to safe[ty] regulations and post covid measurements and requirements." *Id*. at 3–4.

Federal Rule of Civil Procedure 4(m) "provides that district courts have discretion when determining whether to dismiss for failure to timely effect service." *Morrissey v. Mayorkas*, 17 F.4th 1150, 1156 (D.C. Cir. Nov. 9, 2021). Ultimately, though, the court need not resolve the District's Rule 12(b)(5) motion because Plaintiff has failed to state a valid claim for relief. *See, e.g.*, *Saleh v. Al Nahyan*, No. 20-1168 (ABJ), 2021 WL 4306113, at *1 (D.D.C. Sept. 22, 2021) (declining to reach Rule 12(b)(5) question and granting defendant's motion to dismiss pursuant

to Rules 12(b)(1) and 12(b)(6)); *Speelman v. United States*, 461 F. Supp. 2d 71, 74–75 (D.D.C. 2006) (declining to dismiss the case on grounds of insufficient service for a *pro se* litigant and instead dismissing lawsuit for failure to state a claim and lack of subject matter jurisdiction).

### B. Constitutional Claims

The District argues that Plaintiff's Complaint fails to state valid constitutional claims for relief because he has not pled facts establishing municipal liability. Def. Mot. at 8. The court agrees.

In *Monell*, 436 U.S. 658 (1978), the Supreme Court held that municipalities—including the District, *see Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003)—are subject to liability for constitutional violations under 42 U.S.C. § 1983. In considering whether a plaintiff has stated a claim for municipal liability, courts in this jurisdiction conduct a two-step inquiry. *See Baker*, 326 F.3d at 1306; *Blue v. District of Columbia*, 811 F.3d 14, 18 (D.C. Cir. 2015). First, the court must determine "whether the complaint states a claim for a predicate constitutional violation." *Id*. If it does, the court must then determine "whether the complaint states a claim that a custom or policy of the municipality caused the violation." *Id*. There is no heightened pleading standard in civil rights cases alleging municipal liability, *see Leatherman v. Tarrant Cty Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993), and a complaint "need not plead law or match facts to every element of a legal theory," *Sparrow v. United Airlines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000) (citations omitted) (collecting cases). But a complaint must "include some factual basis for the allegation of a municipal policy or custom." *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996). And at the motion to dismiss stage, the plaintiff must plead facts sufficient to support a claim that the

District acted pursuant to a municipal custom or policy actionable under 42 U.S.C. § 1983.  *See Blue*, 822 F.3d at 20.

Municipal liability is not a stand-in for vicarious liability.  A municipality "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Singletary v. District of Columbia*, 766 F.3d 66, 72 (D.C. Cir. 2014) (quoting *Monell*, 436 U.S. at 691).  Rather, the court must "determine whether the plaintiff has alleged an 'affirmative link,' such that a municipal policy was the 'moving force' behind the constitutional violation."  *Baker*, 326 F.3d at 1306 (citations omitted).  This may be identified by (1) "the explicit setting of a policy by the government that violates the Constitution," (2) "the action of a policy maker within the government," (3) "the adoption through a knowing failure to act by a policy maker of actions by his subordinates that are so consistent that they have become 'custom'" or (4) "the failure of the government to respond to a need (for example, training of employees) in such a manner as to show 'deliberate indifference' to the risk that not addressing the need will result in constitutional violations."  *Id*. (citations omitted).

Plaintiff does not pursue any of the above theories to establish municipal liability.  Instead, he alleges that the MPD violated "the 4th Amendment of due process" when it "unlawfully arrest[ed] and charge[d] [him] of a crime . . . without any essential eviden[ce] to authorize the arrest."  Compl. at 2.  Plaintiff's allegations do not provide a sufficient factual basis to raise or support an inference that the District was the "moving force" behind the alleged tortious acts rather than individual District employees.

Plaintiff argues for the first time in his opposition to the District's motion that the District "allowed the [MPD] to completely disregard the U.S. Constitution Bill of Rights," and that his

constitutional rights were "violated by allowing the inadequacy of police training where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Pl. Opp'n at 2, 4.

As an initial matter, courts should not address arguments raised for the first time in an opposition brief. *Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Dufur v. U.S. Parole Comm.*, 314 F. Supp. 3d 10, 23 (D.D.C. 2018) (finding that the plaintiff's arguments raised for the first time in his opposition were not "properly before the Court") (collecting cases).

Even if the court were to consider them, Plaintiff's opposition-brief allegations still fail to state a valid claim for municipal liability because they do not identify a specific form of misconduct or allege how that misconduct is causally related to the alleged harm. *Compare Bell v. District of Columbia*, 82 F. Supp. 3d 151, 157 (D.D.C. 2015) (finding allegations that alleged harm stemmed from improper police training and discipline insufficient to state a valid claim because the plaintiff did not allege any "specific form of misconduct," thus "foreclos[ing] any plausible inference of 'actual or constructive knowledge' by District policymakers that its officers '[violated] constitutional rights'"), *with Robinson v. District of Columbia*, 736 F. Supp. 2d 254, 264 (D.D.C. 2010) (finding allegations of specific form of misconduct—intimidating and harassing motorcyclists by swerving into their lanes of traffic—along with allegations that the District knew of this practice yet failed to investigate or take other action, was sufficient to state a valid claim because the plaintiff "alleged a specific form of misconduct" and "present[ed] a plausible causal connection between the District's alleged failure to train, supervise, or discipline officers . . . and the constitutional deprivation").

While a pleading filed *pro se* is "to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even a "*pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [municipal] misconduct.'" *Atherton v. District of Columbia Office of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Plaintiff fails to meet that standard.

C. **Common Law Claims**

The District next argues that Plaintiff's common law tort claims—assault, false arrest, and defamation—are barred by the statute of limitations. The court again agrees.

D.C. Code § 12-301(a)(4) prescribes a one-year statute of limitation for "libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment." The District's alleged false arrest, assault, and defamation of Plaintiff took place on March 27, 2020, but Plaintiff did not file suit until September 10, 2021—more than five months after the one-year statute of limitations had run. Consequently, Plaintiff's assault, false arrest, and defamation claims are barred by the one-year statute of limitations and the court will dismiss them.

## CONCLUSION

For the reasons set forth above, the court will GRANT the District's Motion to Dismiss, ECF No. 14.

Date: September 30, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge